

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-2002

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Brown" (2002). *2002 Decisions.* Paper 670.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/670

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 01-4333

————————

UNITED STATES OF AMERICA

v.

DAVID HASSAN BROWN,

Appellant

————————

On Appeal from the United States District Court
for the District of New Jersey

District Court Judge: Honorable John W. Bissell
(D.C. Criminal No. 00-cr-00606)

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 10, 2002

Before: SLOVITER, RENDELL, and FUENTES, Circuit Judges.

(Opinion Filed: October 25, 2002)

————————————————

OPINION
———————————————— FUENTES, Circuit Judge:

On May 21, 2001, David Hassan Brown entered a plea of guilty to one count of unlawful possession of a weapon by a convicted felon in violation of 21 U.S.C. 922(g). On October 23, 2001, Brown was sentenced to 80 months custody, 40 months of which to be served concurrently with a state prison sentence, and the other 40 months to be served consecutively, followed by three years of supervised release. Brown's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), expressing his belief that Brown can not raise any non-frivolous issues for our review, and directing us, as is required under Anders, to the issues that he thought Brown might raise on appeal.

First, counsel notes that since Brown entered into a plea agreement with the Government, he might challenge that agreement. An examination of the colloquy during which Brown changed his plea from not guilty, however, demonstrates that there is no meritorious appellate issue with respect to the guilty plea. During the colloquy, the District Court made certain that Brown understood the charge and wanted to enter a plea of guilty to that charge. The District Court ensured that Brown was, in fact, guilty of each element of the crime. The District Court reviewed the maximum penalties that could be imposed and the rights that Brown was waiving by pleading guilty. At the end of the colloquy, having determined that Brown's plea of guilty was knowing and voluntary, the District Court accepted the plea.

Next, counsel notes that Brown might challenge the sentencing determination made by the District Court. Given that the District Court sentenced Brown within the appropriate guideline range and explained the rationale for imposing a sentence partially consecutive to a lengthy state prison sentence, there is no meritorious appellate issue with respect to the sentence. The pre-sentence report indicated a total adjusted offense level of 25 and a criminal history of category IV, resulting in a guideline range of imprisonment from 110 to 137 months. Brown contested the four-point enhancement applied in the pre-sentence report

for possessing a weapon in connection with another felony under U.S.S.G. 2K2.1(b). The District Court agreed, and decreased Brown's total offense level to twenty-one, with a guideline range of 77 to 96 months. Thereafter, the District Court sentenced Brown to 80 months imprisonment. Brown also asked the District Court to direct his federal sentence to be served concurrently with a 22-year state sentence. Under U.S.S.G. 5G1.3(c), a sentencing court can direct that a sentence run consecutively to, concurrently, or partially concurrently with a state sentence. The District Court granted Brown's request in part, directing 40 months of his sentence to be served concurrently and 40 months consecutively with the state prison term. The District Court discussed his reasoning with respect to this decision at length during the sentencing proceeding.

After carefully reviewing the briefs and accompanying materials of record, we will affirm the conviction and sentence. Counsel conducted a conscientious review of the record and concluded that there were no non-frivolous issues that could be raised on appeal, as required by Anders. 386 U.S. at 744. We have conducted an independent examination of the record before us, and we agree with counsel that there are no non-frivolous issues that justify review. Because counsel has complied with all of the procedures specified in Anders, we will grant his motion for withdrawal.

For the foregoing reasons, we will AFFIRM the Order of the District Court and GRANT counsel's request to withdraw.

_____

/s/ Julio M. Fuentes
Circuit Judg